UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

June 27, 2022

LETTER TO COUNSEL:

      RE:    *Latasha W. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-21-1482

Dear Counsel:

      On June 14, 2021, Plaintiff Latasha W. petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 16 & 17. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Latasha W. filed her applications for DIB and SSI on January 10, 2019. Tr. 15. In both applications, she alleged a disability onset date of August 6, 2018. *Id.* Her applications were denied initially and upon reconsideration. *Id.* At her request, a hearing was held before an Administrative Law Judge ("ALJ") on November 10, 2020. Tr. 31-70. In a written decision dated November 23, 2020, the ALJ found that Latasha W. was not disabled under the Social Security Act. Tr. 15-25. The Appeals Council denied Latasha W.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Latasha W.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Latasha W. had not engaged in substantial gainful activity since August 16, 2018, the alleged onset date. Tr. 17. At step two, the ALJ found that Latasha W. suffered from the following severe impairments: systemic lupus erythematosus ("SLE") and obesity. Tr. 18. At step three, the ALJ found Latasha W.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 19. The ALJ determined that Latasha W. retains the residual functional capacity ("RFC") to:

---

[1] This case was previously assigned to other judges. It was reassigned to me on May 31, 2022.

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: the claimant can occasionally balance, stoop, and kneel. She should never climb ladders or crawl.

Tr. 19.

At step four, the ALJ determined that Latasha W. can perform past relevant work as a data manager, data entry operator, assistant manager, and administrative assistant. Tr. 23. At step five, in an alternative finding, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Latasha W. can perform, including packer/packaging worker, ticket taker, and grading/sorting worker. Tr. 24. Accordingly, the ALJ found that Latasha W. was not disabled under the Social Security Act. Tr. 25.

Latasha W. presents a single argument in her appeal: the ALJ ignored evidence of her lower extremity edema and deep vein thrombosis ("DVT"), and thus did not properly formulate the RFC. ECF No. 16-1 at 10-11. In support of her argument, Latasha W. cites substantial evidence in the record that establishes she suffers from DVT, that she received treatment for the condition, and that the condition imposes at least some functional limitations. *See id.* at 9-12. Specifically, Latasha W. points to evidence that she is required to "elevate her legs due to her DVT and lower extremity edema" while at rest. *Id.* at 12. The ALJ did not mention evidence related to Latasha W.'s DVT in the decision (notably, Latasha W. didn't mention it either—not in her disability applications and not during the administrative hearing). If the ALJ had credited this evidence, he might have assessed Latasha W.'s functional abilities differently. For instance, the ALJ might have concluded that Latasha W.'s RFC should include a restriction that she be permitted to elevate her legs while sitting at work. *See* ECF No. 20 at 3. Or, as the Acting Commissioner argues, the ALJ might have found this evidence unpersuasive or concluded that her DVT did not result in any functional limitations. *See* ECF No. 17-1 at 5-14. But this Court's task is not to predict how the ALJ would have evaluated the DVT evidence had it been considered. Instead, this Court's role is to review the ALJ's decision to determine whether the ALJ applied the proper legal principles and whether the decision is supported by substantial evidence. There is no indication that the ALJ considered evidence related to the claimant's DVT. While an ALJ is not required to mention every piece of evidence in explaining the reasons for their decision, the omission of any discussion about the DVT is an error. Because there is also evidence that the claimant's DVT causes additional functional limitations that are not accounted for in the RFC, the Court cannot say that this error is harmless. Accordingly, the case must be remanded. The Court makes no finding on how the DVT evidence should be weighed or the ultimate merits of Latasha W.'s disability claim.

For these reasons, both parties' motions for summary judgment (ECF Nos. 16 & 17) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g). the Acting Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge